$D+F$

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

VIRGINIA PIZZUTO, Administratrix of the Estate of
her husband THOMAS PIZZUTO, and on her own behalf;
TOMMY PIZZUTO, by his mother and natural guardian
VIRGINIA PIZZUTO; CAROL PIZZUTO, proposed
Administratrix of the Estate of her husband, ROSARIO
PIZZUTO, and on her own behalf; JOSEPH PIZZUTO;
RUSSELL PIZZUTO; and ANTHONY PIZZUTO,

                       Plaintiffs,

    -against-

COUNTY OF NASSAU; THE SHERIFF'S
DEPARTMENT OF NASSAU COUNTY;
individually and in their official capacity,
SHERIFF JOSEPH JABLONSKY, Under-
SHERIFF ERNEST WEBER, UNDERSHERIFF
JEROME DONAHUE, UNDERSHERIFF PAUL
SCHOENBERGER; THE NASSAU COUNTY
CORRECTIONAL CENTER; individually and in
their official capacity as Nassau County Correction
Officers EDWARD VELAZQUEZ, PATRICK REGNIER,
IVANO BAVARO, JOSEPH BERGEN, GARY PINCUS,
RICHARD TIRINO and ROBERT PETERSEN,

                       Defendants.
------------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ SEP 19 2003 ★
BROOKLYN OFFICE

CV 00-0148 (NGG)(ARL)

STIPULATION AND
ORDER OF
SETTLEMENT AND
DISMISSAL

**RECITALS.**

     I.     On or about January 7, 2000, plaintiffs commenced an action in the United States

District Court for the Eastern District of New York, captioned as Virginia Pizzuto, et al. v.

County of Nassau, et al., 00 Civ. 0148 (NGG), to obtain relief under 42 U.S.C. § 1983 and all the

laws and statutes thereunder, as well as under New York State law. The Action arose out of the

alleged unconstitutional or negligent acts or omissions of the Defendants, and the Plaintiffs

sought to recover monetary damages which were alleged to be the proximate result of Thomas

1

Pizzuto, Sr. being beaten while incarcerated resulting in the death of Thomas Pizzuto, Sr.

II.     Plaintiffs claim damages against defendant Nassau County and other Defendants and the Defendants deny all the material allegations pertaining to said damages asserted by Plaintiffs in the Civil Action.

III.    Plaintiffs and Nassau County desire to resolve and settle in full all claims that Plaintiffs had or have against Nassau County and any past or present employee or agent of Nassau County including, but not limited to, all claims that were or could have been raised in the Civil Action and agree to withdraw all claims against all Defendants with prejudice.

**_NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE SIGNATORIES, AS FOLLOWS_**_:_

**AGREEMENT.**

A.     Nassau County shall pay up-front cash and future periodic payments at a cost to Nassau County of seven million seven-hundred fifty thousand and 00/000 dollars ($7,750,000.00), in accordance with Paragraph C, inclusive of all costs and attorneys' fees in full and final settlement of all claims in the civil action asserted by Virginia Pizzuto as Administratrix of the Estate of her husband Thomas Pizzuto, Sr., on her own behalf; on behalf of her son, Thomas Pizzuto, Jr.,; and all claims asserted by Carol Pizzuto as Administratrix of the Estate of her husband Rosario Pizzuto and on her own behalf; and by Joseph Pizzuto, Russell Pizzuto and Anthony Pizzuto.

2

**RELEASE AND DISCHARGE.**

B.      In consideration of the payments called for herein, the Plaintiffs (sometimes referred to herein as "Releasors") hereby completely release and forever discharge the Defendants and said Parties' past, present and future officers, directors, stockholders, attorneys, insurers, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest, and assigns and all other persons, firms or corporations with whom any of the former have been, are now or may hereafter be affiliated (sometimes referred to herein as "Releasees" or "Released Parties"), of and from any and all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, and whether for compensatory or punitive damages, which the Plaintiffs now have, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, or which are the subject of the Complaint (and all related pleadings) including, without limitation, any and all known or unknown claims for the wrongful death of Thomas Pizzuto, Sr., bodily and personal injuries to Thomas Pizzuto, Sr., or any future personal injury and/or wrongful death claim brought by anyone claiming to be the personal representative of Thomas Pizzuto, Sr., which have resulted or may result from the alleged acts or omissions of the Defendants.  This release, on the part of the Plaintiffs, shall be a fully binding and complete settlement between the Plaintiffs, the Defendants and their assigns and successors, save only the executory provisions of this Settlement Agreement.

3

**PAYMENTS.**

      C.     In consideration of the release set forth above, Nassau County hereby agrees to pay the Plaintiffs the following sums in the following manner:

      1.     For Virginia Pizzuto and Thomas Pizzuto, Jr.: after attorneys' costs and disbursements of approximately $80,885.45 are deducted from the gross cost of settlement on Virginia Pizzuto and Thomas Pizzuto Jr. of $7,500,000, the balance is $7,419,115. A sum equal to one third of the balance will be paid collectively to Cochran Neufeld & Scheck, LLP, Muraca & Kelly, LLP and Jeffrey Lisabeth, Esq. as attorneys' fees. The remaining two-thirds of Nassau County's cost of settlement will be allocated by Nassau County for Virginia Pizzuto and Thomas Pizzuto, Jr. as follows: Virginia Pizzuto - 37.5% and Thomas Pizzuto Jr. - 62.5%.

      a.     Nassau County shall make the following payment to fund a structured settlement for Virginia Pizzuto:

      (1)     To Virginia Pizzuto: Future periodic payments attached hereto as Exhibit A-1, at a cost to Nassau County of $1,200,000.00. A check in the amount of one million two hundred thousand dollars and 00/00 ($1,200,000.00) shall be drawn by Nassau County payable to American International Life Assurance Company of New York, and sent in care of Ms. Laurie Cohen, Creative Capital Inc., 1200 Tices Lane, East Brunswick, NJ 08816, to fund Virginia Pizzuto's structured settlement;

      b.     Nassau County shall make the following payments to fund the Thomas Pizzuto, Jr. Supplemental Needs Trust:

4

      (1)      To the Thomas Pizzuto, Jr. Supplemental Needs Trust: Future periodic payments attached hereto as Exhibits A-2, A-3 and A-4, at a cost to Nassau County in the amount of $2,400,000.00. Checks shall be drawn by Nassau County payable as follows: (a) a check in the amount of one million dollars and 00/00 ($1,000,000.00) shall be drawn to American International Life Assurance Company of New York; (b) a check in the amount of one million dollars and 00/00 ($1,000,000.00) shall be drawn to GE Capital Assignment Corporation; and (c) a check in the amount of four hundred thousand dollars and 00/00 ($400,000.00) shall be drawn to Metropolitan Insurance & Annuity Company. These three checks shall be sent to Ms. Laurie Cohen, Creative Capital Inc., 1200 Tices Lane, East Brunswick, NJ 08816.

      (2)      A check in the amount of $600,000.00 shall be drawn by Nassau County payable to the Thomas Pizzuto, Jr. Supplemental Needs Trust.

c.      A check in the amount of $3,300,000 shall be drawn by Nassau County payable to "Cochran Neufeld & Scheck, LLP, as attorneys for Plaintiffs." This amount includes attorneys' reimbursements for costs and disbursements, attorneys' fees to be shared pursuant to a co-counsel agreement between the firms of Cochran Neufeld & Scheck, LLP, Muraca & Kelly, LLP and Jeffrey Lisabeth, Esq., liens upon Ms. Pizzuto and

Thomas Pizzuto Jr.'s monetary share; and direct cash payments to Virginia Pizzuto and Thomas Pizzuto Jr.'s Supplemental Needs Trust.

2. Nassau County shall pay the sum of two hundred fifty thousand and 00/100 dollars ($250,000.00) inclusive of all costs and attorneys' fees in full and final settlement of all claims in the civil action asserted by Carol Pizzuto as Administratrix of the Estate of her husband Rosario Pizzuto and on her own behalf; and by Joseph Pizzuto, Russell Pizzuto and Anthony Pizzuto. The check shall be made payable to *Francis X. Casale, Esq.* and *Steven Civardi, Esq. as attorneys.*

3. The payments as set forth in Exhibits A-1, A-2, A-3 and A-4 are attached hereto and made part of this agreement. The cost to the Defendant, Nassau County, of the structured settlement portion of this settlement is a total of three million, six hundred thousand dollars ($3,600,000), as detailed in paragraphs 1(a)(1) and 1(b)(1), disclosure of which has been required as a condition of settlement. No part of the sum being paid by the Defendant, Nassau County, to provide future periodic payments as set forth in this Settlement Agreement may be paid directly to Plaintiffs, inasmuch as the parties negotiated and the Court has determined that a structured settlement is in the best interest of the Plaintiffs and that said periodic payments constitute damages on account of physical injury or physical sickness in a case involving physical injury or physical sickness within the meaning of Section 104(a)(2) and 130(c) of the Internal Revenue Code of 1986, as amended.

4. All sums set forth herein constitute damages on account of physical injuries or physical sickness, within the meaning of section 104 (a)(2) and 130 (c) [as regards the future periodic payments] of the Internal Revenue Code of 1986, as amended.

-6-

5.     It is understood and agreed that the Defendant, Nassau County, shall pay a total of $4,150,000.00 in "up-front" payments (as outlined in paragraph C (1) (c), C (2), and C (1) b (2) above).  The County of Nassau stipulates and agrees to waive all Social Services liens pertaining to Virginia Pizzuto, DSS No.: P453759; Thomas Pizzuto, Sr., DSS No.: M440823; and Thomas Pizzuto, Jr., upon information and belief, recorded under DSS No.: P453759.  In the event of the existence of any other outstanding non DSS liens, it is understood and agreed that the Plaintiffs shall be responsible to satisfy any and all such liens and the Plaintiffs shall indemnify and hold the Defendant, Nassau County, harmless from any and all claims made by lienholders, whether such claims have been made, or are in the future made.

6.     It is understood and agreed that the Defendant, Nassau County, shall take all reasonable steps to issue its up-front payment as described in paragraphs C(1)(c), C(2), and C(1) b(2) within twenty one (21) days from the date it receives all properly executed closing documents.  Structured settlement premium checks must be paid before October 1, 2003.

7.     The term "guaranteed" as it is used in Exhibits A-1, A-2, A-3 and A-4 hereto shall be construed to mean "payments that will be made whether the Plaintiff/Payee is alive or not at the time the payment is due."  Should the Plaintiff/Payee expire prior to receipt of all payments described as "guaranteed", the remainder of the "guaranteed" payments shall be payable as set forth in section F below entitled "Plaintiff's Beneficiary."

D.  The future periodic payments described in Exhibits "A-1", "A-2", "A-3", and "A-4" cannot be accelerated, deferred, increased or decreased by the Plaintiffs and no part of the payments called for herein or any specific assets of the Defendant, Nassau County, are to be subject to execution of any legal process for any obligation of the Plaintiffs in any manner, nor

7

shall the Plaintiffs have the power to sell or mortgage or encumber same, or any part thereof, nor

anticipate the same, or any part thereof, by assignment or otherwise.  Any attempt by Plaintiffs to

so assign, anticipate, pledge or encumber any annuity payments shall be null and void and shall

not affect the Plaintiffs' rights to receive annuity payments. Transfer of the periodic payments is

thus prohibited by the terms of this structured settlement and may otherwise be prohibited or

restricted under applicable law.

**RIGHT TO EXECUTE AN ASSIGNMENT OF LIABILITY.**

    E.  It is understood and agreed by and between the parties hereto that

Defendant, Nassau County, has elected, as a matter of right and in its sole discretion, to assign its

duties and obligations to make the future periodic payments as set forth in Exhibits "A-1" and

"A-2" to American Home Assurance Company ("Assignee"). It is understood and agreed by and

between the parties hereto that Defendant, Nassau County, has elected, as a matter of right and in

its sole discretion, to assign its duties and obligations to make the future periodic payments as set

forth in Exhibit "A-3" to GE Capital Assignment Corporation ("Assignee"). It is understood and

agreed by and between the parties hereto that Defendant, Nassau County, has elected, as a matter

of right and in its sole discretion, to assign its duties and obligations to make the future periodic

payments as set forth in Exhibit "A-4" to Metropolitan Insurance & Annuity Company ("MIAC")

("Assignee").   Such assignments are hereby accepted by Plaintiffs without right of rejection and

in full discharge and release of the duties and obligations of Defendant, Nassau County, to make

the future periodic payments set forth on Exhibits "A-1", "A-2", "A-3" and "A-4". The parties

hereto expressly understand and agree that upon the assignment of its duties and obligations to

make such future periodic payments being made by Defendant, Nassau County, to Assignees

8

pursuant to this agreement, all of the duties and responsibilities otherwise imposed upon

Defendant, Nassau County, by this agreement with respect to such future payments shall instead

be binding solely upon Assignees.  It is understood that General Electric Capital Corporation

shall guarantee the performance of the GE Capital Assignment Corporation and Metropolitan

Life Insurance Company shall guarantee the future periodic payment obligations of MIAC.  The

Plaintiffs further and fully recognize and agree that the Assignees shall be Plaintiffs' sole obligor

with respect to the obligations assigned, and that all other releases that pertain to the liability of

the Defendants and all Releasees shall thereupon become final, irrevocable and absolute.

**RIGHT TO PURCHASE AN ANNUITY.**

VI.       Defendant, Nassau County, or its Assignee may, for its own convenience, fund its

obligation to make the future periodic payments under the terms of this agreement as set forth in

Exhibits "A-1" and "A-2" through the purchase of an annuity from American International Life

Assurance Company of New York.  Defendant, Nassau County, or its Assignee may, for its own

convenience, fund its obligation to make the future periodic payments under the terms of this

agreement as set forth in Exhibit "A-3" through the purchase of an annuity from GE Capital Life

Assurance Company of New York. Defendant, Nassau County, or its Assignee may, for its own

convenience, fund its obligation to make the future periodic payments under the terms of this

agreement as set forth in Exhibit "A-4" through the purchase of an annuity from Metropolitan

Life Insurance Company.  Neither Plaintiffs nor anyone acting on Plaintiffs' behalf: shall have

any right of or incidence of ownership whatsoever in the annuity policies; shall have any right to

accelerate or defer payments due from the Defendant, Nassau County, or its Assignees; shall

have any right to increase or decrease any payments due from the Defendant, Nassau County or

9

its Assignees; shall have any other right of dominion or control of or over the annuity policies, which shall be owned exclusively by the Defendant, Nassau County or its Assignees.  The Defendant, Nassau County and/or the Assignees may have American International Life Assurance Company of New York, GE Capital Life Assurance Company of New York and Metropolitan Life Insurance Company mail payments directly to the Plaintiff/Payee/Payment Recipient.

**PLAINTIFF'S BENEFICIARY**.

G.   In the event of the death of Plaintiff/Payee/Payment Recipient, all payments specified in Exhibit "A-1" to be made by the Defendant, Nassau County, or its Assignee pursuant to the provisions of this agreement that have not been paid as of the date of said Plaintiff/Payee/Payment Recipient's death, shall be continued to be paid on the dates specified therein to the Estate of Virginia Pizzuto or to any such person she may so designate.  Payee may request in writing that Assignee change the beneficiary designation under this Agreement. Assignee will do so but will not be liable, however, for any payment made prior to receipt of the request or so soon thereafter that payment could not reasonably be stopped.  In the event of the death of Plaintiff/Payee/Payment Recipient, all payments specified in Exhibits "A-2", "A-3", and "A-4" to be made by the Defendant, Nassau County, or its Assignee pursuant to the provisions of this agreement that have not been paid as of the date of said Plaintiff/Payee/Payment Recipient's death, shall be continued to be paid on the dates specified therein to the Estate of Thomas Pizzuto, Jr.  Plaintiff/Payee/Payment Recipient or a duly authorized representative of the Plaintiff/Payee/Payment Recipient shall be responsible for maintaining accurate address and mortality information with the Defendant, Nassau County, or its Assignees.

10

**ATTORNEY'S FEES**

VIII.   Each party hereto shall bear all attorney's fees and costs arising from the actions of its own counsel in connection with the Complaint, this Settlement Agreement, the Qualified Assignment, and all other matters and documents referred to herein including, but not limited to, the preparation and filing of all documents necessary, customary and/or appropriate to accomplish the dismissal of the Complaint with prejudice and without costs, and all related matters.

**DELIVERY OF STIPULATION OF DISMISSAL WITH PREJUDICE**

I.   Concurrently with the execution of this Settlement Agreement, counsel for the Plaintiffs shall deliver to counsel for the Defendants all appropriate documents necessary to accomplish the dismissal with prejudice of the civil action described in Recital "I" above.  The Plaintiffs have authorized the Plaintiffs' attorneys to execute a Stipulation of Dismissal with Prejudice on their behalf and hereby authorize counsel for the Defendants to file said stipulation with the Court and enter said dismissal as a matter of record.

**SUPPLEMENTARY DOCUMENTS**

J.   All parties to this Settlement Agreement and Release agree to execute any and all supplementary documents and to take all actions required to implement and to give full force and effect to the terms and intent of this agreement.

**GENERAL RELEASE**

K.   The Plaintiffs hereby acknowledge and agree that the release set forth in Paragraph B hereof is a general release and Plaintiffs further expressly waive and assume the risk of any and all claims for damages which exist as of this date but of which the Plaintiffs do not

11

know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect Plaintiffs' decision to enter into this Settlement Agreement.  The Plaintiffs further agree that Plaintiffs have accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact, and Plaintiffs assume the risk that the facts or law may be otherwise than Plaintiffs believe.  It is understood and agreed to by the Parties that this settlement is a compromise of a disputed claim, and the payments are not to be construed as an admission of liability on the part of the Defendants.

## WARRANTY OF CAPACITY TO EXECUTE AGREEMENT

L.  The Plaintiffs represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement except as otherwise set forth herein and that Plaintiffs have the sole right and exclusive authority to execute this Settlement Agreement and receive the sum or sums specified in it; and that Plaintiffs have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Settlement Agreement.

## DISCHARGE OF OBLIGATION

M.  The obligation assumed by the Assignee to make each Periodic Payment shall be fully discharged upon the mailing of a valid check or electronic funds transfer in the amount of such payment on or before the due date to the last address on record for the Payee or Beneficiary with the Annuity Issuer.  If the Payee or Beneficiary notifies the Assignee that any check or electronic funds transfer was not received, the Assignee shall direct the Annuity Issuer to initiate

12

a stop payment action and, upon confirmation that such check was not previously negotiated or electronic funds transfer deposited, shall have the Annuity Issuer process a replacement payment.

## ENTIRE AGREEMENT AND SUCCESSORS IN INTEREST

N.   This Settlement Agreement contains the entire agreement between the Plaintiffs and the Defendants with regard to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each.

## REPRESENTATION OF COMPREHENSION OF DOCUMENT

O.   In entering into this Settlement Agreement, the Plaintiffs represent that Plaintiffs have read the terms of this Settlement Agreement and that those terms are fully understood and voluntarily accepted by Plaintiffs.  In entering into this Settlement Agreement and Release, Plaintiffs have retained and consulted with Plaintiffs' own independent attorneys selected by Plaintiffs of Plaintiffs' own free will, and have fully and freely consulted with them on matters relating to this settlement and its terms and conditions. Plaintiffs acknowledge that this Settlement Agreement has been negotiated by the respective Parties through counsel.  The Parties to this Agreement contemplate and intend that all payments set forth in Section C above constitute damages received on account of personal physical injuries or physical sickness, arising from the occurrence, within the meaning of Section 104 (a)(2) of the Internal Revenue Code of 1986, as amended.  The Plaintiffs warrant, represent, and agree that the Plaintiffs are not relying on the advice of the Defendants or anyone associated with them, including their attorneys, as to the legal, tax, financial or other (favorable or adverse) consequences of any kind arising out of this Settlement Agreement.  The Plaintiffs acknowledge that neither the Defendants nor its legal

13

or insurance representatives may refer any advisor, attorney, or firm for such professional advice.
Accordingly, the Plaintiffs hereby release and hold harmless the Defendants and any and all
counsel or consultants for the Defendants from any claim, cause of action, or other rights of any
kind which the Plaintiffs may assert because of the legal, tax or other consequences of this
Settlement Agreement.  Plaintiffs represent and warrant that Plaintiffs have read and discussed
this Settlement Agreement and Release fully with Plaintiffs' attorneys and fully understand its
terms and conditions, and voluntarily accept them as Plaintiffs' own free and voluntary act.

**GOVERNING LAW**

P.  This Settlement Agreement shall be construed and interpreted in accordance with laws
of the State of New York.

**MULTIPLE COUNTERPARTS**

Q.  This Agreement may be executed by the parties in multiple counterparts (although
not required) and all of such counterparts so executed shall collectively constitute this one
Agreement and shall be deemed to establish this one Settlement Agreement.

**CAPTIONS AND PARAGRAPH HEADINGS; CONSTRUCTION**

R.  Captions and Paragraph headings used in this Settlement Agreement
are for convenience only and are not a part of this Settlement Agreement and shall not be used in
construing it.  The terms, conditions and other provisions of this Settlement Agreement have
been negotiated between the parties, with each party having had the benefit of its own legal
counsel.  The construction and interpretation of any clause or provision of this Settlement
Agreement shall be construed without regard to the identity of the party that prepared this

14

Settlement Agreement, and no presumption shall arise as a result that this Settlement Agreement was prepared by one party or the other.

**SEVERABILITY**

S. In the event that any one or more of the provisions of this Settlement Agreement shall be held invalid, illegal or unenforceable in any respect by a court of competent jurisdiction, the validity, legality and enforceability of the remaining provisions of this Settlement Agreement shall not in any way be affected or impaired thereby.

**SETTLEMENT OF TAXES**

T. Plaintiffs understand and agree that they are solely responsible for the payment of any federal, state or local taxes which become due from them with respect to the payment herein and that the defendants make no representation concerning the tax or other consequences of such payment.

**MISCELLANEOUS COVENANTS.**

U. (i) Defendants have entered into this Agreement solely for the purpose of avoiding the burdens and expenses of further litigation, and the making of this Agreement is not intended and shall not be construed as an admission that plaintiffs have been damaged in any way as a result of actions taken or not taken by defendants.

(ii) The parties agree that this Agreement may be used as evidence only in a subsequent proceeding in which any of the parties allege a breach of this Agreement, and also agree that this Agreement shall not be used for any purpose.

(iii) Plaintiffs Virginia Pizzuto, Administratrix of the Estate of Thomas Pizzuto, and on her own behalf; and on the behalf of Thomas Pizzuto, Jr., her son and his legal guardian,

15

acknowledge that they have been represented by Cochran Neufeld & Scheck, LLP, Muraca & Kelly, LLP and Jeffrey Lisabeth, Esq., independent legal counsel of their own choice, throughout all of the negotiations preceding the execution of this Agreement. Plaintiffs Carol Pizzuto, Administratrix of the Estate of Rosario Pizzuto and on her own behalf; Joseph Pizzuto, Russell Pizzuto and Anthony Pizzuto acknowledge that they have been represented by Francis X. Casale, Esq. and Steven Civardi, Esq., independent legal counsel of their own choice, throughout all of the negotiations preceding the execution of this Agreement. All plaintiffs have executed this Agreement after consultation with such independent legal counsel. Plaintiffs further acknowledge that they have read this Agreement in its entirety, and that they have had its provisions explained to them by their own counsel who answered to their satisfaction any questions they had asked with regard to the meaning of any of the provisions of this Agreement, and that they voluntarily consent to all the terms and conditions contained herein.

**EFFECTIVENESS**

V.    This Settlement Agreement shall become effective after the Court has approved the settlement and all of the parties have executed this Settlement Agreement. By his or her signature below, each party represents and warrants that he or she has the full authority to bind the person, persons or entity for whom execution of this agreement is being made.

IT IS HEREBY STIPULATED AND AGREED, by and between the plaintiffs and defendants who have appeared in this action through their undersigned attorneys, that this action against all defendants be and hereby is dismissed, with prejudice and without costs to any party; and it is further

16

**STIPULATED AND AGREED** that this document shall replace the previous

Settlement Agreement entered into between the parties on March 31, 2003  and the Stipulation of

Dismissal signed by the Court August 8,  2003.

Dated:       September 12, 2003
             New York, New York

**SNITOW KANFER**
             **HOLTZER & MILLUS, LLP**
By: *Paul F Millus*
       PAUL F. MILLUS (PFM-8240)
Attorneys for County of Nassau,
             The Sheriff's Department of
             Nassau County, The Nassau
             County Correctional Center,
             Joseph Jablonsky, Ernest Weber,
             Jerome Donahue and
             Paul Schoenberger
575 Lexington Avenue
New York, New York 10022
(212) 317-8500

**NASSAU COUNTY**
             **ATTORNEY'S OFFICE**
By: *Rhonda F. Fischer*
       RHONDA E. FISCHER
       DEPUTY COUNTY ATTORNEY
Attorneys for Robert Peterson
One West Street
Mineola, New York 11530
(516) 571-3054

**BURNS RUSSO**
             **TAMIGI & REARDON, LLP**
By:
       ALAN J. REARDON (AJR-1811)
Attorneys for Richard Tirino
120 Mineola Boulevard
Mineola, New York 11501
(516) 746-7371

**COCHRAN NEUFELD & SCHECK, LLP**
By: *Peter Neufeld*
       PETER J. NEUFELD (PJN-2746)
Attorney for Virginia Pizzuto and
             Thomas Pizzuto, Jr.
99 Hudson Street, 8th Floor
New York, New York 10013
(212) 965-9380

**Law Office of JEFFREY S. LISABETH**
By:
       JEFFREY S. LISABETH (JL-7565)
Attorney for Plaintiffs Virginia Pizzuto
             and Thomas Pizzuto, Jr.
2160 Hempstead Turnpike
East Meadow, New York 11554
(516) 877-1233

**MURACA & KELLY, LLP**
By:
       DENNIS KELLY (DK-6093)
Attorney for Plaintiffs Virginia Pizzuto
             and Thomas Pizzuto, Jr.
106 Third Street
Mineola, New York 11501
(516) 739-3322

FRANCIS X. CASALE, JR., ESQ.
By: _____
      Francis X. Casale, Jr. (FC-____)
Attorneys for Carol Pizzuto, Individually and
      as Administratrix of the Estate of
      Rosario Pizzuto, Joseph Pizzuto, Russell
      Pizzuto and Anthony Pizzuto
534 Broad Hollow Road, Suite 301
Melville, New York 11757
(631) 293-3332

_____
STEPHEN CIVARDI, ESQ. (SC-8376)
Attorneys for Carol Pizzuto, Individually and
      As Administratrix of the Estate of
      Rosario Pizzuto, Joseph Pizzuto,
      Russell Pizzuto and Anthony Pizzuto
265 Sunrise Highway, Suite 3
Rockville Centre, New York     11570
(516) 678-9797

_____
VIRGINIA PIZZUTO, Individually, and
      as Administratrix of the Estate of
      Thomas Pizzuto, Sr. and as Mother
and Natural Guardian of
      Thomas Pizzuto, Jr.

_____
CAROL PIZZUTO, Individually and
      as Administratrix of the Estate of
      Rosario Pizzuto

_____
JOSEPH PIZZUTO

_____
RUSSELL PIZZUTO

_____
ANTHONY PIZZUTO

ENTERED AND ORDERED this 18th day of September, 2003

_____
HON. NICHOLAS G. GARAUFIS,
U.S.D.J.

Plaintiff's
~~DEFENDANT'S~~ COUNSEL IS DIRECTED
TO SERVE A COPY OF THIS ORDER
ON ALL PARTIES UPON RECEIPT

-18-

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF SUFFOLK   )

On this 15th day of September, 2003, before me personally came VIRGINIA PIZZUTO, Administratrix of the Estate of her husband, THOMAS PIZZUTO SR, and on her own behalf, and on behalf of THOMAS PIZZUTO JR., her son, known to me to be the person described and who executed the foregoing Stipulation and Order of Settlement and Dismissal and she duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

EILEEN AHERN
Notary Public, State of New York
No. 30-4748613
Qualified in Nassau County
Commission Expires March 30, 20 07

-19-

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF SUFFOLK   )

On this 12ᵗʰ day of September, 2003, before me personally came CAROL PIZZUTO, proposed Administratrix of the Estate of her husband, ROSARIO PIZZUTO, and on her own behalf, known to me to be the person described and who executed the foregoing Stipulation and Order of Settlement and Dismissal, and she duly acknowledged to me that she executed the same.

FRANCIS X. CASALE, JR.
NOTARY PUBLIC-STATE OF N.Y.
COUNTY OF SUFFOLK
NO. 02CA6095625
COMMISSION EXPIRES 7/14/07

NOTARY PUBLIC

-20-

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF SUFFOLK   )

On this 12th day of September, 2003, before me personally came JOSEPH PIZZUTO, known to me to be the person described and who executed the foregoing Stipulation and Order of Settlement and Dismissal, and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

**-21-**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF SUFFOLK    )

On this 15th day of September, 2003, before me personally came RUSSELL PIZZUTO, known to me to be the person described and who executed the foregoing Stipulation and Order of Settlement and Dismissal, and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

EILEEN AHERN
Notary Public, State of New York
No. 30-4748613
Qualified in Nassau County
Commission Expires March 30, 20 07

-22-

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF SUFFOLK    )

     On this 12th day of September, 2003, before me personally came ANTHONY PIZZUTO, known to me to be the person described and who executed the foregoing Stipulation and Order of Settlement and Dismissal, and he duly acknowledged to me that he executed the same.

                                        NOTARY PUBLIC

-23-

## EXHIBIT A - 1 BENEFIT PAYMENTS

FOR:  VIRGINIA PIZZUTO

BEGINNING 11/1/2003, $8,730.39 MONTHLY FOR LIFE, GUARANTEED FOR 180 MONTHS.

BENEFICIARY:  THE ESTATE OF VIRGINIA PIZZUTO

PAYEE MAY REQUEST IN WRITING THAT ASSIGNEE CHANGE THE BENEFICIARY DESIGNATION UNDER THIS AGREEMENT.  ASSIGNEE WILL DO SO BUT WILL NOT BE LIABLE, HOWEVER, FOR ANY PAYMENT MADE PRIOR TO RECEIPT OF THE REQUEST OR SO SOON THEREAFTER THAT PAYMENT COULD NOT REASONABLY BE STOPPED.

## EXHIBIT A - 2 BENEFIT PAYMENTS

**FOR:  THOMAS PIZZUTO JR.**

**PAYEE:  THOMAS PIZZUTO, JR. SUPPLEMENTAL NEEDS TRUST**

**BEGINNING 11/1/2003, $3,170.25 MONTHLY FOR LIFE, GUARANTEED FOR 360 MONTHS, INCREASING AT A RATE OF 3% PER ANNUM.**

**BENEFICIARY: THE ESTATE OF THOMAS PIZZUTO, JR.**

## EXHIBIT A - 3 BENEFIT PAYMENTS

**FOR:  THOMAS PIZZUTO JR.**

**PAYEE:  THOMAS PIZZUTO, JR. SUPPLEMENTAL NEEDS TRUST**

**BEGINNING 11/1/2003, $3,448.72 MONTHLY FOR LIFE, GUARANTEED FOR 360 MONTHS, INCREASING AT A RATE OF 3% PER ANNUM.**

**BENEFICIARY:   THE ESTATE OF THOMAS PIZZUTO, JR.**

## EXHIBIT A - 4 BENEFIT PAYMENTS

FOR:   THOMAS PIZZUTO JR.

PAYEE:  THOMAS PIZZUTO, JR. SUPPLEMENTAL NEEDS TRUST

BEGINNING 11/1/2003, $1,265.00 MONTHLY FOR LIFE, GUARANTEED FOR 360 MONTHS, INCREASING AT A RATE OF 3% PER ANNUM.

BENEFICIARY:  **THE ESTATE OF THOMAS PIZZUTO, JR.**

27